# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

KENJI DUVILLE HAYNES,

    Plaintiff,

v.

COBY WEBSTER,

    Defendant.

No. CIV 14-199-RAW-SPS

## OPINION AND ORDER

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Lawton Correctional Facility in Lawton, Oklahoma, has filed this civil rights action pursuant to 42 U.S.C. § 1983, asking for ten million dollars in damages. He alleges that on September 23, 2012, Coby Webster, a Catoosa, Oklahoma, police officer, pulled him over in a parking lot based only on racial profiling. Plaintiff contends he was falsely arrested over the "contents" of his trunk. Plaintiff asserts Officer Webster has stated that he stopped plaintiff because plaintiff was a large black man with a small white female in the car with him. Plaintiff maintains the car did not belong to him, and he did not know there were illegal drugs in the trunk.

Plaintiff was convicted of Endeavoring to Manufacture a Controlled Dangerous Substance in Wagoner County Case No. CF-2012-418 and sentenced to 40 years incarceration. He advises that his conviction is on appeal.

The court has carefully reviewed the record and construes plaintiff's *pro se* complaint pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). To the extent plaintiff seeks compensatory damages for his alleged unconstitutional incarceration, however, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*,

512 U.S. 477, 487 (1973). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* Because plaintiff has not presented evidence that his conviction has been so invalidated, the court finds his claim for damages is not cognizable under § 1983. Therefore, this action hereby is dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**ACCORDINGLY,** this action is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b), for failure to state a claim.

**IT IS SO ORDERED** this 2nd day of July 2014.

RONALD A. WHITE
**UNITED STATES DISTRICT JUDGE**